UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CORY SEIBERT<br>537 Wheeling Avenue<br>Cambridge, OH 43725<br><br>*On behalf of himself and all others similarly situated,*<br><br>       Plaintiff,<br><br>   *v.*<br><br>TOM CLAYTON ERECTORS, LLC<br>c/o Statutory Agent Legalinc Corporate Services Inc.<br>1991 Crocker Road<br>Suite 600<br>Westlake, OH 44145<br><br>   and<br><br>TOM CLAYTON<br>737 Southgate Parkway<br>Cambridge, OH 43725<br><br>       Defendants. | CASE NO.<br><br>JUDGE<br><br>**PLAINTIFF'S COLLECTIVE ACTION COMPLAINT**<br><br>(Jury Demand Endorse Herein) |

Plaintiff Cory Seibert, by and through counsel, for his Collective Action Complaint against Defendants Tom Clayton Constructors, LLC (hereinafter "Tom Clayton Constructors"), and Tom Clayton (hereinafter collectively referred to as "Defendants"), states and alleges the following:

## INTRODUCTION

1. Plaintiff brings this case to challenge the policies and practices of Defendants Tom Clayton Erectors, LLC and Tom Clayton that violate the Fair Labor Standards Act

("FLSA"), 29 U.S.C. §§ 201-219, as well as the statutes of the State of Ohio. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated" (the "FLSA Collective").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. This Court has supplemental jurisdiction over Plaintiff's claims under the statutes of the State of Ohio because those claims are so related to the FLSA claims as to form part of the same case or controversy.

4. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because one or more Defendant resides in this district and division and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## PARTIES

5. At all times relevant, Plaintiff Cory Seibert was a citizen of the United States and resident of Guernsey County, Ohio.

6. Defendant Tom Clayton Erectors is an Ohio for-profit limited liability company with its principal place of business in Guernsey County, Ohio. According to records maintained by the Ohio Secretary of State, Defendant Tom Clayton Erectors' statutory agent for service of process is Legalinc Corporate Services Inc., 1991 Crocker Road, Suite 600, Westlake, OH 44145.

7. Defendant Tom Clayton is, upon information and belief, a citizen of the United States and resident of Guernsey County, Ohio.

## FACTUAL ALLEGATIONS

### Defendants' Business

8. Defendant Tom Clayton Erectors constructs buildings throughout the country, primarily in or about New England. Defendant Tom Clayton Erectors builds 20-25 Dollar General stores per year, and is typically able to construct a new store within two weeks' time. Defendant works with a diverse set of pre-fabricated building manufactures to construct buildings for other companies as well.

### Defendants' Statuses as Employers

9. At all times relevant, Defendants were employers within the meaning of the FLSA, 29 U.S.C. § 203(d), and employed hourly employees, including Plaintiff.

10. At all times relevant, Defendants were an enterprise within the meaning of 29 U.S.C. § 203(r).

11. Defendant Tom Clayton is an employer pursuant to 29 U.S.C. § 203(d) in that he is a "person [who] act[ed] directly or indirectly in the interest of an employer," Tom Clayton Erectors, "in relation to employees," including Plaintiff and the FLSA Collective. Defendant Tom Clayton is also an employer pursuant to O.R.C. Chapter 4111 and had operational control over significant aspects of Tom Clayton Erectors' day-to-day functions, including the compensation of employees. Defendant Tom Clayton is owner of Tom Clayton Erectors.

12. At all times relevant, Defendants were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

3

13. Defendants operate and control an enterprise engaged in commerce, with annual gross volume of business exceeding $500,000.00.

**Plaintiff's and the FLSA Collective's Non-Exempt
Employment Statuses with Defendants**

14. Plaintiff Cory Seibert was employed by Defendants from approximately November 2015 to May 2019 as an independent contractor foreman. His pay varied from between $15 and $19 per hour, and he worked on average 65 hours per week. Plaintiff was involved in all aspects of constructing buildings, including hanging steel structures, installing wall sheeting, roofing, and insulation.

15. At all times relevant, Plaintiff and the FLSA Collective were employees within the meaning of 29 U.S.C. § 203(e) and O.R.C. §§ 4111.01, *et seq*.

16. At all times relevant, Plaintiff and the FLSA Collective were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 207.

**Defendants' Misclassification of Plaintiff and the FLSA Collective**

17. Defendants utilized Plaintiff and the FLSA Collective, and Defendants' misclassification of Plaintiff and the FLSA Collective as "independent contractors", to avoid paying Plaintiff and the FLSA Collective in accordance with the FLSA and Ohio law.

18. Though Defendants, in violation of the law, misclassified Plaintiff and the FLSA Collective as "independent contractors," Plaintiff and the FLSA Collective were in fact employees of Defendants according to the standards applicable under the FLSA and Ohio law because, among other things:

19. During their employment with Defendants, Plaintiff and the FLSA Collective worked almost exclusively, if not exclusively, for Defendants.

20. As a matter of economic reality, Plaintiff and the FLSA Collective were economically dependent on Defendants. Plaintiff and the FLSA Collective performed work that was integral to Defendants' primary business.

21. Defendants controlled the work Plaintiff and the FLSA Collective performed and the manner in which they performed it.

22. Defendants determined Plaintiff's and the FLSA Collective's job locations, and determined the order and sequence in which the Plaintiff and the FLSA Collective performed the work for Defendants.

23. Plaintiff and the FLSA Collective worked for Defendants in comparatively low-paying jobs, and held their positions with Defendants for a longer period of time than for a single or separate series of jobs/projects.

24. Defendants' capital investments and expenditures substantially outweighed any expenditures required on the part of Plaintiff and the FLSA Collective.

25. Any opportunities Plaintiff and the FLSA Collective had to earn remuneration were unilaterally determined and controlled by Defendants - Plaintiff and the FLSA Collective were paid hourly rates for their work.

26. Defendants determined the work Plaintiff and the FLSA Collective performed and the hours during which they performed that work.

27. Given their employment constrictions, including that Plaintiff and the FLSA Collective regularly worked 60 or more hours each workweek, Plaintiff and the FLSA Collective did not have the time or ability to pursue other employment. Furthermore, Plaintiff and the FLSA Collective could not make their services available to the general public.

28. Plaintiff and the FLSA Collective were under the direct supervision and control of Defendants' supervisors, managers, and owner.

29. Defendants determined the amounts Plaintiff and the FLSA Collective were paid.

30. Plaintiff and the FLSA Collective generally could not work for other companies or operate an independent business(es).

31. Plaintiff and the FLSA Collective could not make a profit and/or suffer any loss for their services.

32. Plaintiff and the FLSA Collective did not have an opportunity for greater profits based on their management and technical skills.

33. Defendants supervised, directed, disciplined, reprimanded, scheduled and performed other duties of employers. Defendants performed functions associated with that of an employer with regard to Plaintiff and the FLSA Collective.

### Defendants' Failure to Pay Overtime Compensation

34. During their employment with Defendants, Plaintiff and the FLSA Collective were required to work substantial amounts of overtime.

35. Plaintiff regularly worked more than forty (40) hours each workweek. For example, during the one week pay period May 16, 2018 to May 22, 2018, Plaintiff worked at least 68.5 hours and was paid straight time for all hours worked at $18.00 per hour. However, instead of compensating Plaintiff and the FLSA Collective at one and one-half times their regular hourly rates for hours more than forty (40) hours per workweek, Defendants paid Plaintiff and the FLSA Collective their regular, straight time hourly rates for all hours worked.

36. Defendants' failure to compensate Plaintiff and the FLSA Collective for hours worked more than forty (40) hours per week at "one and one-half times" the employees' "regular rate[s]" of pay violates the FLSA, 29 U.S.C. § 207 and corresponding Ohio law.

### Defendants' Record Keeping Violations

37. The FLSA and Ohio law required Defendants to maintain accurate and complete records of employees' time worked and amounts paid. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7; O.R.C §§ 4111.08, 4111.14(F); Ohio Const. Art. II, § 34a. For example, federal regulations require employers to make and keep payroll records showing information and data such as the employee's name, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime compensation is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment. 29 C.F.R. § 516.2. Ohio law also provides that employers "shall maintain a record of the name, address, occupation, pay rate, hours worked for each day worked and each amount paid an employee for a period of not less than three years following the last date the employee was employed." Ohio Const. Art. II, § 34a.

38. Defendants failed to keep accurate records of hours and overtime worked. Thus, Defendants did not record or pay overtime hours in violation of the FLSA and Ohio law.

### The Willfulness of Defendants' Violations

39. Defendants knew that Plaintiff and the FLSA Collective were entitled to overtime compensation pay under federal and state law or acted in reckless disregard for whether they were so entitled.

7

40. Defendants intentionally and willfully circumvented the requirements of the FLSA and Ohio law.

## COLLECTIVE ACTION ALLEGATIONS

41. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

42. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

43. The FLSA Collective consists of:

All present and former hourly employees of Defendants during the period of three years preceding the commencement of this action to the present.

44. Such persons are "similarly situated" with respect to Defendants' FLSA violations in that all were non-exempt employees of Defendants, all were subjected to and injured by Defendants' unlawful practice of failing to pay overtime compensation for all hours worked in excess of forty per workweek, and all have the same claims against Defendants for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

45. Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

46. Plaintiff cannot yet state the exact number of similarly-situated persons but avers, upon information and belief, that they consist of approximately 20 persons. Such persons are readily identifiable through the payroll records Defendants have maintained, and were required to maintain, pursuant to the FLSA and Ohio law.

8

## COUNT ONE
### (FLSA Overtime Violations)

47. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

48. Plaintiff brings this claim for violation of the FLSA's overtime provisions.

49. The FLSA requires that "non-exempt" employees receive overtime compensation of "not less than one and one-half times" the employees' "regular rate" of pay.  29 U.S.C. § 207(a)(1).

50. Plaintiff and the FLSA Collective should have been paid overtime wages in the amount of 150% of their "regular rate" for all hours worked in excess of forty (40) hours per workweek.

51. Defendants did not pay overtime compensation to Plaintiff and the FLSA Collective at the rate of one and one-half times their regular rate for all of their overtime hours.

52. By engaging in these practices, Defendants willfully violated the FLSA and regulations thereunder that have the force of law.

53. As a result of Defendants' violations, Plaintiff and the FLSA Collective were injured in that they did not receive wages due to them pursuant to the FLSA.  29 U.S.C. § 216(b) entitles Plaintiff and the FLSA Collective to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages."  29 U.S.C. § 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## COUNT TWO
### (Ohio Overtime Violations)

54. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

55. Plaintiff brings this claim for violation of the Ohio overtime compensation statute, O.R.C. § 4111.03.

56. At all times relevant, Defendants were employers covered by the Ohio overtime compensation statute, O.R.C. § 4111.03.

57. Defendants' failure to compensate overtime hours violated the Ohio overtime compensation requirements set forth in O.R.C. § 4111.03.

58. These violations of Ohio law injured Plaintiff and the FLSA Collective in that they did not receive wages due to them pursuant to Ohio law.

59. Having injured Plaintiff and the FLSA Collective, Defendants are "liable to the employee[s] affected for the full amount of the overtime wage rate, less any amount actually paid to the employee[s]" under Ohio law." O.R.C. § 4111.10.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Honorable Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B. Enter judgment against Defendants, jointly and severally, and in favor of Plaintiff and the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b);

C. Award compensatory damages to Plaintiff and the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b) in the amount of their unpaid wages, as well as liquidated damages in an equal amount; and

D. Award Plaintiff compensatory and punitive damages, his costs and attorneys' fees incurred in prosecuting this action, and such further relief as the Court deems equitable and just.

Respectfully submitted,

*s/ Kevin M. McDermott II*
Joseph F. Scott (0029780)
Ryan A. Winters (0086917)
Kevin M. McDermott II (0090455)
SCOTT & WINTERS LAW FIRM, LLC
The Caxton Building
812 Huron Rd. E., Suite 490
Cleveland, OH 44115
P: (216) 912-2221 | F: (216) 350-6313
jscott@ohiowagelawyers.com
rwinters@ohiowagelawyers.com
kmcdermott@ohiowagelawyers.com

*Attorneys for Plaintiff*

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

*s/ Kevin M. McDermott II*
Kevin M. McDermott II (0090455)
