UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CORY SEIBERT, | Case No. 2:19-cv-02174 |
| | Judge Michael H. Watson |
| Plaintiff, | Chief Magistrate Judge Chelsey M. Vascura |
| v. | |
| TOM CLAYTON ERECTORS, LLC, *et al.*, | **JOINT MOTION FOR APPROVAL OF SETTLEMENT** |
| Defendants. | |

The parties, Plaintiff Cory Seibert and Defendants Tom Clayton Constructors, LLC (hereinafter "Tom Clayton Constructors") and Tom Clayton, respectfully and jointly move the Court to approve the proposed Settlement reached by the parties and memorialized in the *Settlement Agreement and Release* ("Settlement" or "Settlement Agreement") attached as Exhibit 1. The Settlement seeks to resolve all individual wage-and-hour claims that were or could have been brought in this action. The Parties state the following in support.

**I.     STATEMENT OF FACTS**

Plaintiff Cory Seibert filed this Action in the United States District Court for the Southern District of Ohio on May 24, 2019. (ECF #1.) Plaintiff's Complaint alleged that Defendants misclassified employees as independent contractors and violated the Fair Labor Standards Act ("FLSA") by failing to pay overtime compensation at the rate of one and one-half times their employees' regular rate for all hours worked in excess of forty hours per workweek. (*Id.* at ¶¶ 14-36.) In this lawsuit, Plaintiff sought to recover back wages, liquidated damages, and attorneys' fees and costs. Defendants filed an Answer to Plaintiff's Complaint, denying all liability under any of Plaintiff's claims. (ECF #6.)

Shortly after the filing of this case and Defendants' Answer, the Parties engaged in settlement discussions and reached a settlement, whereby Plaintiff individually has agreed to release any and all claims regarding Plaintiff's employment with Defendants, including his claims under the FLSA and claims for attorneys' fees, and has agreed to dismiss this lawsuit with prejudice. The Parties have prepared and executed a written Settlement Agreement that memorializes the terms of their settlement, which is attached to this motion as Exhibit 1.

In accordance with the applicable requirements for settling an FLSA claim, the Parties hereby seek the Court's approval of the settlement they reached in this matter, and stipulate to the dismissal of this action with prejudice. The Parties attach a proposed order approving the settlement in this matter as Exhibit 2 for the Court's convenience.

## II. THE PROPRIETY OF APPROVAL

Pursuant to the FLSA, claims for back wages and other damages arising under the FLSA may be settled or compromised only with the approval of the district court or the Secretary of Labor. *See, e.g., Morse v. Complete Wiring Concepts, LLC*, S.D.Ohio No. 2:17-cv-453, 2018 U.S. Dist. LEXIS 105839, at *2 (June 25, 2018); *Lewis v. Huntington Natl. Bank,* 789 F.Supp.2d 863, 869-870 (S.D.Ohio 2011) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-1353 (11th Cir. 1982)); *Edwards v. City of Mansfield*, N.D.Ohio No. 1:15-CV-959, 2016 U.S. Dist. LEXIS 64159, at *6 (May 16, 2016). To approve the settlement, the Court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute. *Morse*, 2018 U.S. Dist. LEXIS 105839, at *2 (June 25, 2018) (citing *Clevenger v. JMC Mech., Inc.*, No. 2:15-CV-2639, 2015 U.S. Dist. LEXIS 129506, 2015 WL 12681645, at *1 (S.D. Ohio Sept. 25, 2015); *UAW v. GMC*, 497 F.3d 615, 631 (6th Cir. 2007)).

The proposed Settlement is subject to approval by the Court pursuant to the FLSA, 29 U.S.C. § 216(b). *Id.* As shown below, Court approval is warranted on all scores.

**A.     The Settlement Payment is Fair, Reasonable, and Adequate**

As a part of the scrutiny it applies to an FLSA settlement, "a court must ensure that the distribution of the settlement proceeds is equitable." *Crawford v. Lexington-Fayette Urban Cty. Govt.*, E.D.Ky. No. 06-299-JBC, 2008 U.S. Dist. LEXIS 90070, at *31 (Oct. 23, 2008) (citing *Ortiz v. Fibreboard Corp.,* 527 U.S. 815, 855 (1999).

Here, whether Plaintiff is entitled to compensation for Plaintiff's claims is disputed by the Parties, as well as any amounts Plaintiff may be owed. "The existence of a question as to the plaintiffs' entitlement to compensation under the FLSA serves as a guarantee that the parties have not manipulated the settlement process to permit the employer to avoid its obligations under the FLSA." *Dillworth v. Case Farms Processing, Inc.,* N.D.Ohio No. 5:08-cv-1694, 2010 U.S. Dist. LEXIS 20446, at *13 (Mar. 8, 2010). Defendants dispute that Plaintiff was misclassified as an independent contractor, and thereby dispute that Plaintiff is entitled to any overtime compensation under the FLSA. In addition, Defendants' ability to pay, as explained below, further supports that the distribution of the settlement proceeds is fair, reasonable, and adequate. Moreover, the expense and likely duration of continued litigation favor approval, in that wage-and-hour cases are always expensive and time-consuming. The Parties engaged in inclusive negotiations, and the issues were well understood. The outcome of the case is uncertain for Plaintiff, and the risks of continued litigation are evident for both sides. As noted above, whether Plaintiff is entitled to overtime compensation is disputed by the parties, and Defendants' ability to pay is a significant consideration. The opinions of experienced counsel on both sides support the Settlement, as does the Plaintiff.

The Parties have agreed to settle this dispute through the execution of a Settlement Agreement and stipulate to the dismissal of the action with prejudice. While Defendants do not admit liability or wrongdoing, the Parties agree that the terms of their Settlement Agreement represent a fair and equitable resolution of their bona fide dispute. Counsel for the Parties have analyzed the claims and issues herein, and certify that the settlement is fair, reasonable, and adequate. Thus, the Parties respectfully request that the Court approve the settlement and issue an Order dismissing this action with prejudice, but retaining jurisdiction, as necessary, to enforce the Settlement Agreement entered into by the Parties. A proposed Final Order and Judgment Approving Settlement is attached as Exhibit 2.

B. **There is a *Bona Fide* Dispute about Defendants' Ability to Pay**

The Settlement is a fair compromise and should be approved by the Court because Defendants are unable to pay the full amount of a greater judgment, plus the costs of ongoing litigation. Financial information concerning the impact of a potential settlement on both the corporate and individual Defendants was provided to counsel prior to the negotiation of the settlement along with Defendants' initial disclosures. The settlement reached here is a "good result in light of the concerns over collectability in this case." *Brandenburg v. Cousin Vinny's Pizza, LLC*, S.D.Ohio No. 3:16-cv-516, 2019 U.S. Dist. LEXIS 204371, at *12 (Nov. 25, 2019). Because the fairness of this compromise settlement is further predicated on Defendants inability to pay any greater amount, not solely a bona fide dispute as to underlying liability, Defendants are willing to provide additional financial records showing Defendants' ability to pay a judgment for in camera review, as may be required by the Court for approval. *Steele v. Staffmark Investments, LLC*, 172 F. Supp. 3d 1024, 1026–27 (W.D. Tenn. 2016) ("when there are bona fide disputes over legal issues (such as the extent of FLSA coverage), a settlement agreement

4

reducing or waiving [FLSA] damages is invalid") (quoting *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 90 L.Ed. 1114 (1946) Id. at 116, 66 S.Ct. 925). *See also Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) (providing "[e]mployees may not waive the right to recover liquidated damages due under the Fair Labor Standards Act (FLSA)"); 29 U.S.C. §§ 201-219; 51B C.J.S. Labor Relations § 1374 (March 2018 Update). Here, as noted in *Brandenburg*, the settlement here "is a good result for the [Plaintiff] and appropriately accounts for the risk of going forward with the litigation."

### C. Plaintiff's Counsel's Fees and Expenses are Proper and Reasonable

The FLSA provides that the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendants, and the costs of the action." 29 U.S.C. § 216(b). Ohio wage-and-hour statutes also provide for "costs and reasonable attorney's fees as may be allowed by the court." O.C.R. § 4111.10. The FLSA's mandatory fee provision "insure[s] effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances," and thus "encourage[s] the vindication of congressionally identified policies and rights." *Fegley v. Higgins,* 19 F.3d 1126, 1134 (6th Cir. 1994), *cert. denied,* 513 U.S. 875 (1994)(quoting *United Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G & M Roofing and Sheet Metal Co.,* 732 F.2d 495, 502 (6th Cir.1984)). *Accord*, *Kritzer v. Safelite Solutions, LLC*, S.D.Ohio No. 2:10-cv-0729, 2012 U.S. Dist. LEXIS 74994, at *27 (May 30, 2012)* (the fee award must be "adequate to attract competent counsel but … not produce a windfall)(citing *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 2008); quoting *Blum v. Stenson*, 465 U.S. 886, 897 (1984)).

5

In September, 2019, Defendants provided initial disclosures and produced, and Plaintiffs' counsel analyzed, documents and data related to the Plaintiff, including approximately 1,120 pages of PDF time and payroll record documents, including daily/weekly timesheets, daily construction reports, schedule planners, and financial documents for the Plaintiff and Defendants. Plaintiff's counsel's comprehensive investigation included an analysis of the wage-and-hour information and other data and documents comprising of over 1,000 data points from the records produced by Defendant which permitted the Parties to compute a precise calculation of the unpaid overtime for the Plaintiff. According to Plaintiff's calculations, Plaintiff is owed unpaid overtime wages in the amount of $22,172.69. The analyses were difficult and time-consuming, but proved instrumental to the negotiation of the proposed Settlement. Indeed, the complex financial and liability issues in this matter required four (4) months for the Parties to complete analysis and negotiation, including Defendants' securement of settlement funds.

The total combined attorneys' fees and litigation expenses of $9,490.50 represent 33.3% of the $28,500.00 settlement and will be paid at the same time as the Plaintiff.  After reductions for litigation costs, the attorney fee recovery will equal approximately 31.8% of the $28,500.00 settlement. (*See* Ex. 3, Declaration of Plaintiff's Counsel at ¶ 32.) Prosecuting wage and hour litigation is always difficult and time-consuming. The tasks required of Plaintiff's counsel in this case included pre-litigation investigation of Plaintiff's claims and the identities of potential corporate and individual defendants; conferences with the Plaintiff; investigation into the viability of collective action treatment; analysis of available records, including financial records; preparation of the Complaint; research of the applicable law with respect to the claims and defenses thereto; analysis of the legal positions taken by Defendants; negotiating the parties' settlement; and drafting settlement approval documents. Based on all relevant factors, the proposed payment

of attorneys' fees and cost reimbursements to Plaintiff's counsel is proper and reasonable, and fulfills the purpose and intent of the FLSA's fees provisions.

Moreover, applying *Fegley* and *Rawlings v. Prudential-Bache Properties*, 9 F.3d 513, 515 (6th Cir.1993), courts in the Sixth Circuit commonly approve one-third fee awards in wage-and-hour actions. *See, e.g.*, *Dillworth*, 2010 U.S. Dist. LEXIS 20446, at *18-22 (N.D.Ohio Mar. 8, 2010) (citing *Rawlings* as well as *Jackson v. Papa John's,* Case No. 1:08CV2791, 2008 U.S. Dist. LEXIS 107650 (N.D.Ohio 2008); *Osman v. Grube, Inc.,* N.D.Ohio No. 3:16-cv-00802-JJH, 2018 U.S. Dist. LEXIS 78222, at *6-8 (May 4, 2018); *see also Carr v. Bob Evans Farms, Inc.*, No. 1:17-cv-1875, 2018 WL 7508650, at *4 (N.D. Ohio July 27, 2018) ("In FLSA collective actions in Ohio, courts have almost uniformly awarded attorney's fees that constituted one-third of the fund."); *Feiertag v. DDP Holdings, LLC,* S.D.Ohio No. 14-CV-2643, 2016 U.S. Dist. LEXIS 122297, at *3 (Sep. 9, 2016) (approving 30% award).

The resulting settlement negotiated by Plaintiff's counsel ensures substantial payments to the Plaintiff. Based on all relevant factors, the proposed payment of attorneys' fees and cost reimbursements to counsel is proper and reasonable, and fulfills the purpose and intent of the FLSA's fees provisions. At a current combined fee lodestar of $16,390.50, the requested attorney fee of $9,057.50 ($9,490.50 - $433.00 in costs), results in a "negative multiplier" if the Court approves the requested settlement payment as to attorneys' fees. Such a negative multiplier supports that the fee sought is reasonable. *See, e.g, Rikos v. P&G*, S.D.Ohio No. 1:11-cv-226, 2018 U.S. Dist. LEXIS 72722, at *26 (Apr. 30, 2018) (citing *see Walls v. JP Morgan Chase Bank, N.A.*, Case No. 3:11-cv-673-DJH, 2016 U.S. Dist. LEXIS 142325, at * 18 (W.D. Ky. Oct. 13, 2016)).

**III.   CONCLUSION**

WHEREFORE, the Parties respectfully request that the Court enter an Order approving the terms of the settlement of Plaintiff's FLSA claims, including an award of attorneys' fees as provided in the *Settlement Agreement and Release*, dismiss this action with prejudice, and issue an order retaining jurisdiction to enforce the Settlement entered into by the Parties.

Respectfully Submitted,

| | |
|---|---|
| *s/ Kevin M. McDermott II* | *s/ Daniel J. Fruth (via email consent)* |
| Joseph F. Scott (0029780) | Daniel J. Fruth (0075309) |
| Ryan A. Winters (0086917) | Stebelton Snider LPA |
| Kevin M. McDermott II (0090455) | 109 North Broad Street |
| SCOTT & WINTERS LAW FIRM, LLC | P. O. Box 130 |
| The Caxton Building | Lancaster, OH 43130-0130 |
| 812 Huron Rd. E., Suite 490 | T: (740) 654-4141; F: (740) 654-2521 |
| Cleveland, OH 44114 | djf@stebelton.com |
| P: (216) 912-2221   F: (216) 350-6313 | |
| jscott@ohiowagelawyers.com | *Attorney for Defendants Tom Clayton* |
| rwinters@ohiowagelawyers.com | *Erectors, LLC and Tom Clayton* |
| kmcdermott@ohiowagelawyers.com | |

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

*s/ Kevin M. McDermott II*
Kevin M. McDermott II (0090455)